#400

MMB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA CUNNINGHAM,<br><br>                Plaintiff,<br><br>v.<br><br>DELOITTE TOUCHE TOHMATSU SERVICES, INC. and DELOITTE TOUCHE TOHMATSU SERVICES, INC.,<br><br>                Defendant. | Civil Action No.:<br><br>**18    4583** |

## NOTICE OF REMOVAL OF ACTION

Defendant Deloitte Touche Tohmatsu Services, Inc. ("DTTS") by and through its undersigned counsel, hereby removes this case to this Court from the Court of Common Pleas of Delaware County, Pennsylvania. As grounds for this removal, DTTS alleges the following:

1. Plaintiff Melissa Cunningham ("Ms. Cunningham") filed her Amended Complaint on or about October 4, 2018, against DTTS in the Court of Common Pleas of Delaware County, Pennsylvania, styled as *Melissa Cunningham v. Deloitte Touche Tohmatsu Services, Inc.*, Case No. 18-7174 ("State Court Action").

2. On October 4, 2018, counsel for Plaintiff emailed the Amended Complaint to DTTS' undersigned counsel. (A true and correct copy of the Amended Complaint is attached hereto as Exhibit A).

3. This Notice of Removal is timely as it is made within thirty (30) days of DTTS' receipt of the complaint, as required by 28 U.S.C. § 1446(b).

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Ms. Cunningham is a resident of the Commonwealth of Pennsylvania who has made and intends to continue to make Pennsylvania her primary residence for the indefinite future. (Compl. ¶ 1.) Ms. Cunningham is therefore a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332.

6. DTTS is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. Therefore, DTTS is a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332.

7. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Ms. Cunningham and DTTS at the time Ms. Cunningham commenced the State Court Action, and continues to exist as of the time of filing this Notice of Removal.

8. DTTS asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs. Ms. Cunningham specifically alleges that she seeks an amount in excess of $50,000. (Amended Compl. Wherefore Paragraph.) Ms. Cunningham's requested damages include "back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering[.]" (*Id.*) Additionally, Ms. Cunningham seeks attorneys' fees, which must also be taken into account when determining whether the amount in controversy is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

9. Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10. By reason of the foregoing, DTTS desires and is entitled to have this case removed from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania.

11. This Court is the district and division embracing the place where the State Court Action is pending for purposes of 28 U.S.C. § 1441(a).

12. True and correct copies of this Notice of Removal are being promptly filed with the Delaware County Court of Common Pleas, Pennsylvania, and served this date upon Ms. Cunningham's counsel of record.

WHEREFORE, DTTS respectfully requests that this case be removed to the United States District Court for the Eastern District of Pennsylvania, that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

*Rachel Fendell Satinsky*
Rachel Fendell Satinsky (PA ID #308751)
LITTLER MENDELSON
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
rsatinsky@littler.com

Attorneys for Defendant

Dated:  October 24, 2018

4

## CERTIFICATE OF SERVICE

I, Rachel Fendell Satinsky, hereby certify that I caused to be served the foregoing **Notice of Removal of Action**, via email and first class mail, upon the following:

> Graham F. Baird, Esq.
> Law Offices of Eric A. Shore
> Two Penn Center #1240
> 1500 JFK Boulevard
> Philadelphia, PA 19102
> *Attorney for Plaintiff*

In addition, a copy of the foregoing has been filed with the Court and is available for download from the Court's CM/ECF system.

/s/ *Rachel Fendell Satinsky*
Rachel Fendell Satinsky

Dated: October 24, 2018

# EXHIBIT A

Graham F. Baird, Esquire
Attorney ID No: 92692
**THE LAW OFFICES OF ERIC A. SHORE**
Two Penn Center #1240
1500 JFK Boulevard
Philadelphia PA  19102
(267) 546-0131

Attorney for Plaintiff, Melissa Cunningham

| | |
|---|---|
| Melissa Cunningham<br>102 Kelly Drive<br>Chadds Ford, PA 19317<br><br>Plaintiff,<br><br>v.<br><br>Deloitte Touche Tohmatsu Services, Inc.<br>1 Braxton Way<br>Glen Mills, PA 19342<br><br>And<br><br>Deloitte Touche Tohmatsu Services, Inc.<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br><br>Defendants | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br>CIVIL ACTION<br><br><br>No. 18-7174 |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GOT TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Delaware County Bar Association**
Lawyer Referral and Information Service
Front & Lemon Streets
Media, PA 19063
Telephone: 610-566-6625

Graham F. Baird, Esquire
Attorney ID No: 92692
**THE LAW OFFICES OF ERIC A. SHORE**
Two Penn Center #1240
1500 JFK Boulevard
Philadelphia PA 19102
(267) 546-0131                              Attorney for Plaintiff, Melissa Cunningham

| | |
|---|---|
| Melissa Cunningham<br>102 Kelly Drive<br>Chadds Ford, PA 19317<br><br>Plaintiff,<br><br>v.<br><br>Deloitte Touche Tohmatsu Services, Inc.<br>1 Braxton Way<br>Glen Mills, PA 19342<br><br>And<br><br>Deloitte Touche Tohmatsu Services, Inc.<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br><br>Defendants | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br>CIVIL ACTION<br><br><br>No. 18-7174 |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff, Melissa Cunningham (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, Deloitte Touche Tohmatsu Services, Inc. (hereinafter "Deloitte"), is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania

and having a corporate headquarters and/or principal place of business at the above captioned addresses.

3. At all times material hereto, Defendants are acting together, in concert, by and on each other's behalf and qualify as Plaintiff's employer pursuant to the Pennsylvania Human Relations Act ("PHRA").

4. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Pennsylvania Human Relations Commission.)

5. This action is instituted pursuant to the Pennsylvania Human Relations Act and applicable state law.

6. Venue is properly laid in this county because Defendants conduct business in this county, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in Delaware County. Plaintiff was working out of Delaware County office at the time of the illegal actions by Defendants as set forth herein.

## II. Operative Facts.

7. Plaintiff is a Christian.

8. On or about November 16, 2015, Plaintiff was hired by Defendant as a Deployment Manager.

9. On or about November 23, 2015, Plaintiff engaged in a conversation with Defendant's supervisor, Amy Shapiro, who is Jewish.

10. Ms. Shapiro asked Plaintiff what she does on the weekend.

11. Plaintiff responded that she spends her free time going to mass and attending various church activities.

12. Ms. Shapiro laughed at Plaintiff and stated "I don't understand why you spend your free time in church."

13. Following this discussion, Plaintiff began to notice Ms. Shapiro's behavior began to change toward her.

14. During meetings, Plaintiff would offer her input, to which Ms. Shapiro would reply, "You don't know what you're talking about."

15. Outside of meetings, Ms. Shapiro would barely interact with Plaintiff or speak with her at all.

16. Plaintiff also observed Ms. Shapiro staring at the cross necklace that Plaintiff wears.

17. Plaintiff had to go out of her way to ask Ms. Shapiro to be invited to meetings and to attend her work sessions so that Ms. Cunningham would be able to better learn her job duties.

18. Plaintiff also heard Ms. Shapiro state on several occasions that she "did not want a Manager on her team", which was Plaintiff's role at the time.

19. Despite this negative treatment, Plaintiff performed her job without incident and was even asked to take on additional projects.

20. On or about March 15, 2016, Plaintiff was on a call with Defendant's Manager, Karl Marking, religious beliefs unknown.

21. During this call, Plaintiff advised Mr. Marking she would be out of the office on vacation.

22. Mr. Marking asked where she was going on vacation.

23. Plaintiff stated she was going on a Christian mission trip with her church's youth group.

24. Mr. Marking laughed and stated "that doesn't sound like fun" and that he "didn't understand why [Plaintiff] would want to spend her free time at church."

25. Two weeks following this discussion, on or about March 29, 2016, Defendant terminated Plaintiff's employment.

26. The reasons given for Plaintiff's termination were "lack of initiative", "not performing as a manager", "confused and jumbled notes", and "poor grammar and sentence structure."

27. Prior to her termination, neither Ms. Shapiro nor Mr. Marking had spoken with Plaintiff to discuss any job performance issue or problem.

28. Upon information and belief, Ms. Shapiro and Mr. Marking reviewed her past work searching for errors to use as a basis to terminate her after both had learned of Ms. Cunningham's born again Christian faith.

29. Upon information and belief, Ms. Shapiro and Mr. Marking did not do the same with two other similarly-situated employees who were not open about their religious beliefs.

30. Upon information and belief, these two employees were not terminated while Plaintiff was.

31. At the time of her termination, Plaintiff had been facing hostile treatment surrounding the wearing of her cross necklace and her church activities.

32. Defendant's primary motivation for terminating Plaintiff was the fact that she is an openly practicing born again Christian.

33. At all times material hereto, Defendant was hostile toward Plaintiff's religion, and terminated her because of that animus.

34. Plaintiff was the victim of disparate treatment.

35. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

36. Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

37. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee based on religion.

38. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

39. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

40. Defendant's conduct in terminating Plaintiff is an adverse action, motivated by her religion and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

42. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

43. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

### IV. Relief Requested.

**WHEREFORE,** Plaintiff Melissa Cunningham demands judgment in her favor and against Defendant, Deloitte Touche Tohmatsu Services, Inc. jointly and severally, in an amount in excess of $50,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

FILED
10-04-2018 10 13 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY PA

                **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   s/Graham F. Baird
      **GRAHAM F. BAIRD, ESQUIRE**
      Two Penn Center
      1500 JFK Boulevard, Suite 1240
      Philadelphia, PA 19102
      Attorney for Plaintiff, Melissa Cunningham

Date: 10/4/2018

JS 44 (Rev. 06/17)

MMB MMB

**CIVIL COVER SHEET**

18-cv-4583

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Melissa Cunningham

**DEFENDANTS**
Deloitte Touche Tohmatsu Services, Inc. and Deloitte Touche Tohmatsu Services, Inc.

**(b)** County of Residence of First Listed Plaintiff  Delaware County (PA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New York (NY)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham Baird, Esq.
THE LAW OFFICES OF ERIC A. SHORE
Two Penn Center #1240, 1500 JFK Boulevard, Philadelphia PA 19102

Attorneys *(If Known)*
Rachel Fendell Satinsky, Esq.
Littler Mendelson, P.C.
1601 Cherry Street, Ste. 1400, Philadelphia, PA 19102

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Alleged violation of the Pennsylvania Human Relations Act.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions)*
JUDGE                              DOCKET NUMBER

OCT 24 2018

DATE  10/24/2018
SIGNATURE OF ATTORNEY OF RECORD  Rachel Fendell Satinsky

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18     4583**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Melissa Cunningham, 102 Kelly Drive, Chadds Ford, PA 19317**

Address of Defendant: **Deloitte Touche Tohmatsu Services, Inc., 1221 6th Ave., New York, NY 10112**

Place of Accident, Incident or Transaction _____

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/24/2018**   *Rachel Fendell Satinsky*   **P.A. 308751**
                       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

---

**CIVIL:** (Place a ✓ in one category only)

**A   Federal Question Cases.**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

**B.   Diversity Jurisdiction Cases.**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability — Asbestos
9. All other Diversity Cases ☑
    *(Please specify)*  **Employment Civil Rights**

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Rachel Fendell Satinsky**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

**OCT 24 2018**

DATE: **10/24/2018**   *Rachel Fendell Satinsky*   **P.A. 308751**
                       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MELISSA CUNNINGHAM | : | CIVIL ACTION |
| v. | : | |
| DELOITTE TOUCHE TOHMATSU SERVICES, INC. AND DELOITTE TOUCHE TOHMATSU SERVICES, INC. | : | NO. 18 4583 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10/24/18 | /s/ Rachel Fendell Satinsky | Rachel Fendell Satinsky |
|---|---|---|
| Date | Attorney-at-law | Attorney for Defendant |
| 267-402-3071 | 267-402-3131 | rsatinsky@littler.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

OCT 24 2018